889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. HOLLAND; Robert W. Daughenbaugh, Jr., Plaintiffs-Appellants,
v.
John T. WIGGINTON; Vertner L. Taylor; Steve Berry; Al C.
Parke; D.R. Jones; James Grider; Dewey Sowders; Phil
Parker; Phil Webb; Donald Brown; Danny Bottoms; Rodney
Lawrence; Sharon Taylor; D.K. Jackson; Wayne Dunn; Roger
Richardson; Sherry Parker; Bonnie Vaughn; Ed Grace;
Various Jane/John Does; Barbara W. Jones; Sued
Individually and in their Official Capacities, Defendants-Appellees.
 No. 89-5294.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 1
 Before MERRITT, Chief Judge WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 3
 Plaintiffs filed a civil rights action under 42 U.S.C. Sec. 1983 seeking monetary damages and other relief to redress claimed unconstitutional conditions of confinement at the Northpoint Training Center, Burgin, Kentucky. The matter was referred to a magistrate who recommended that it be dismissed. The district court adopted the recommendation, over plaintiffs' objections, and this appeal followed. Plaintiffs have submitted a brief in their own behalf. Defendants have indicated that they will not be participating in the appeal.
 
 
 4
 Upon consideration, we find ample support for the district court's decision. Many of plaintiffs' complaints are premised on their stated belief that the facilities at the Northpoint Training Center must conform to the standards set forth in the consent decree entered in Kendrick v. Bland, 541 F.Supp. 21, 27-50 (W.D.Ky.1981). The Kendrick litigation, and the resultant agreed judgment, was tailored to the alleviation of unconstitutional conditions of confinement at the Kentucky State Penitentiary and the Kentucky State Reformatory. Nothing in the consent decree, the entire body of the Kendrick litigation, or federal law supports the theory that the conditions at Northpoint Training Center are to be governed by the exact terms of the Kendrick settlement.
 
 
 5
 The remainder of the allegations are meritless. Plaintiff Holland's complaints of being improperly placed in administrative segregation and of being denied access to the courts are without foundation in law. Hewitt v. Helms, 459 U.S. 460, 466-72 (1983); Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987). Neither did Holland enjoy a federal constitutional right to be housed in any particular Kentucky correctional facility. Meachum v. Fano, 427 U.S. 215, 225-29 (1976). These claims contained in the narrative pleading, and all others, were properly dismissed.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. Demascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation